# EXHIBIT 8

FILED
Marilyn Burgess
District Clerk

MAY -7 2024

Time: _____
By: _____ Deputy
Harris County, Texas

P-6

TRORd STBNX CAso

CAUSE NO. 2024-28695

| | | |
|---|---|---|
| ACUREN INSPECTION, INC., | § § § § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | | |
| v. | § § | HARRIS COUNTY, TEXAS |
| RYAN DILLON, JESUS VILLALTA, BRIAN PERRY, AND AMERICAN PIPING INSPECTION, INC., | § § § § § | |
| *Defendants.* | § | 164th JUDICIAL DISTRICT |

## TEMPORARY RESTRAINING ORDER

On May 7, 2024, all legal prerequisites having been complied with, came to be heard Plaintiff Acuren Inspection, Inc.'s ("Acuren") Application for Temporary Restraining Order against Defendants Ryan Dillon ("Dillon"), Jesus Villalta ("Villalta"), Brian Perry ("Perry"), and American Piping Inspection, Inc. ("API") (collectively, "Defendants"). All parties appeared by and through their counsel. **DEFENDANTS' COUNSEL APPEARED SUBJECT TO HIS SPECIAL APPEARANCE.**

Based on this Court's review of Acuren's Verified Original Petition and Application for Temporary Restraining Order, supporting verification and declaration, evidence in the record, and the arguments of counsel, this Court concludes that it is substantially likely that Acuren is entitled to, and the status quo is best maintained by, a temporary restraining order on the terms set forth below. This Court finds that Acuren will suffer immediate and irreparable injury for which there is no adequate remedy at law if the status quo is not preserved because there is a substantial likelihood that: (i) Dillon, Villalta, and Perry (collectively, "Individual Defendants") have violated and will continue to violate the confidentiality and non-solicitation covenants in their respective Confidentiality and Non-Solicitation Agreement ("Agreement") with Acuren; (ii) Dillon has

RECORDER'S MEMORANDUM
This Instrument is of poor quality
at the time of imaging.

Certified Document Number: 114271123 - Page 1 of 6

violated and will continue to violate Texas law by, among other things, openly disparaging Acuren's business; and (iii) API has violated and will continue to violate Texas law by, among other things, tortiously interfering with the Agreements by having Dillon, on its behalf, solicit Villalta, Perry, and other Acuren employees to leave Acuren for API and by having Dillon and other Acuren employees, on its behalf, solicit Acuren customers to switch their orders, contracts, and/or business to API. This Court finds that unless Defendants are restrained, Acuren will continue to experience imminent and irreparable harm to its business, including disclosure of confidential information, loss of employees and customers, and damage to its goodwill, reputation, and business relationships. The Court further finds that the balance of equities between Acuren and Defendants favors the issuance of injunctive relief. Accordingly, a temporary restraining order is necessary to preserve the status quo between the parties pending a hearing on Acuren's application for a temporary injunction.

Therefore, IT IS ORDERED as follows:

a. Dillon, Villalta, and Perry are temporarily enjoined from, directly or indirectly, soliciting, encouraging, or attempting to induce any employee of Acuren with whom they dealt or about whom they had access to confidential information to terminate their employment with Acuren;

b. Dillon, Villalta, and Perry are temporarily enjoined from, ~~directly or indirectly~~ [NEW] selling, attempting to sell, or assisting in the selling of any [CONTRACTING FOR THE PURPOSE OF] non-destructive testing or non-destructive examination services to the following customers, including any subsidiaries, affiliated entities, or successors for whom Acuren may provide services: Dragon Products, Ltd., Duphil, Inc., Arkema, Inc., Titan Industries, Inc., FlexSteel Pipeline Technologies, Inc., W-Industries, Inc., BASF Corporation, INEOS Styrolution America, LLC, Samsung Austin Semiconductor, LLC, Shell Oil Company, PMI Services North American, Inc., Deer Park Refining Limited Partnerships, and Equilon Enterprises dba Shell Oil Products – US (collectively, the "Restricted Customers");

c. Dillon is temporarily enjoined from making or publishing any defamatory statements about Acuren or any of Acuren's officers, directors, employees, products, services, processes, policies, manuals, practices, or standards of business conduct;



d. API is temporarily enjoined from authorizing or directing the Individual Defendants to solicit, encourage, or attempt to induce any employee of Acuren with whom the Individual Defendants' dealt or about whom they had access to confidential information to terminate their employment with Acuren;

e. ~~API is temporarily enjoined from authorizing or directing the Individual Defendants to sell, attempt to sell, or assist in the selling of any non-destructive testing or non-destructive examination services to the Restricted Customers, including any subsidiaries, affiliated entities, or successors of the Restricted Customers for whom Acuren may provide services;~~

f. Defendants are temporarily enjoined from using or disclosing to others, including API's personnel, Acuren's (1) QA/QC and O&E manuals, including all of the material necessary to compile them; (2) confidential customer information (customer lists, pricing, bids, quotes, opportunities, MSA terms and expiration dates, contracts, preferences, purchasing history, sales volume, frequencies/schedules, and reports); (3) confidential employee information (employee lists containing contact information, compilations of job duties and responsibilities tailored to customer needs, compensation, benefits, and agreements); (4) financial and operational information (operational strengths and weakness, profit and loss information, budgets and forecasts, business plans, growth and marketing strategies, strategies for managing KPIs, marketing plans, and pricing strategies); (5) proprietary inspection manuals, methods, testing procedures, reports, and quality and safety programs; and (6) protected contractor and vendor information (preferred vendor sources for products, vendor purchasing histories, compilations of vendor pricing, rates, and services with relationship discounts, vendor lists containing contact information for key decision-makers, vendor preferences, contractor lists containing contact information, preferred contractors for certain geographic regions or customers, contractor pricing, rates, discounts, and mark-ups, and specialized services performed by contractors); *provided, however,* the restriction in this paragraph does not apply to the use or disclosure of information that is publicly available (other than as a result of the Individual Defendants' or any third-party's breach of any non-disclosure obligation);

g. ~~Dillon, Villalta, and Perry are temporarily enjoined from retaining and failing to return to Acuren any Business Information or other property of Acuren, in documentary, electronic, or other format, including information stored on any computer or other electronic or digital storage device, any email account, or any cloud-based storage account, in their possession, custody, or control (and including specifically Dillon's Acuren-issued laptop); and~~

h. Defendants are temporarily enjoined from destroying, deleting, erasing, modifying, or otherwise failing to preserve intact any documents, records, or files (written or electronically stored) or any other evidence regarding or related

3

to Acuren's claims and allegations in this Petition, including, without limitation, any evidence stored on any personal or API computer, electronic device, cloud-based storage account, mobile device, or email account(s).

The enjoined conduct set forth above applies to Defendants, as specifically stated with respect to each subsection, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of this Temporary Restraining Order by personal service or otherwise.

Further, IT IS ORDERED that unless terminated sooner, this Temporary Restraining Order shall expire exactly fourteen (14) days from the date and hour of the signing of the same, unless, within the time limit set out above, this Court (or the court assigned to this cause) extends the effectiveness of this Temporary Restraining Order in compliance with applicable law or it is extended by agreement of the parties.

Further, IT IS ORDERED that Acuren's Application for Temporary Injunction shall be heard before the assigned court on _May 16_, 2024, commencing at _11:00_ a.m./p.m., _by Zoom with the 164th Dist. Court_ ~~in the courtroom of the assigned district court of Harris County, Texas~~ and that Defendants shall appear and show cause, if any, why the injunctive relief sought by Acuren should not be granted as requested.

Further, IT IS ORDERED that Defendants submit to expedited discovery before the temporary injunction hearing. Acuren may take the depositions of the Individual Defendants and a corporate representative of API, who shall be made available no later than three (3) days before the temporary injunction hearing. Defendants may take the deposition of a corporate representative of Acuren who shall be made available no later than three (3) days before the temporary injunction hearing. Acuren may serve not more than fifteen (15) requests for production and ten (10) interrogatories on each Defendant with Defendants' responses and objections due three (3) days

4

after service; Defendants must respond and produce the requested documents (in the form specified by Acuren) via hand delivery or email within the time specified above. Defendants collectively may serve not more than fifteen (15) requests for production and ten (10) interrogatories on Acuren with Acuren's responses and objections due three (3) days after service; Acuren must respond and produce the requested documents via hand delivery or email within the time specified above.

Further, IT IS ORDERED that before the clerk issues this Temporary Restraining Order, Acuren shall execute and file with this Court a bond (or cash in lieu of a bond) in conformity with the law, in the amount of $ 5,000.00 .

Further, IT IS ORDERED that the clerk of this Court, after approving the bond executed and filed by Acuren, shall issue a temporary restraining order in conformity with the law and the terms of this Temporary Restraining Order.

SIGNED this the 7 day of May, 2024 at 2:15 o'clock p.m.

_____
JUDGE PRESIDING

APPROVED:

MCGUIREWOODS LLP

*/s/ Yasser A. Madriz*
Yasser A. Madriz
State Bar No. 24037015
ymadriz@mcguirewoods.com
Meghaan C. Madriz
State Bar No. 24070241
mmadriz@mcguirewoods.com
Sarah Holub
State Bar No. 24106108
845 Texas Avenue, Suite 2400
Houston, Texas 77002
(832) 255-6361 Telephone
(832) 214-9931 Facsimile

**ATTORNEYS FOR PLAINTIFF
ACUREN INSPECTION, INC.**



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   May 15, 2024

Certified Document Number:   114271123 Total Pages: 6

*Marilyn Burgess*

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**