# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

ACUREN INSPECTION, INC., )
    Plaintiff, )
 )
v. ) C.A. No. 3:24-cv-00883
 )
RYAN DILLON, JESUS VILLALTA JR., )
BRIAN PERRY AND AMERICAN )
PIPING INSPECTION, INC., )
    Defendants. )

## AGREED PRELIMINARY INJUNCTION

Before the Court is the parties' Agreed Motion to Enter Agreed Preliminary Injunction ("Motion") [Doc. No. 44]. Plaintiff Acuren Inspection, Inc. ("Acuren") and Defendants Ryan Dillon ("Dillon"), Jesus Villalta Jr. ("Villalta"), Brian Perry ("Perry"), and American Piping Inspection, Inc. ("API") (collectively, "Defendants"), by and through their counsel of record, submit this Agreed Preliminary Injunction ("Agreed PI") on the terms set forth below.[1]

Having reviewed the Motion, the Agreed PI, and the evidence in the record, the Court finds that the Motion should be granted and the Agreed PI entered. The Court finds, as stated below, that Acuren is substantially likely to succeed on the merits of one or more of its claims; that in the absence of the Agreed PI, Acuren will suffer immediate irreparable injury; that the issuance of the Agreed PI will not inflict greater or undue injury upon those restrained or third parties; that there is no less drastic means to protect Acuren's interests; and that the issuance of the Agreed PI will serve the public interest and maintain the status quo.

---

[1] Defendants do not agree with Acuren's allegations contained in the Agreed PI, or the findings below, but agree with the form and relief ordered in the Agreed PI.

More specifically, this Court finds that Acuren's rights regarding its trade secrets and confidential information, as well as its contractual rights, are being, and will continue to be, violated and harmed by Defendants, unless Defendants are restrained through the trial on the merits.

The Court further finds that Acuren has shown a substantial likelihood of prevailing on its (1) breach of contract claims against Dillon, Villalta and Perry (collectively, the "Individual Defendants" and individually, an "Individual Defendant"); (2) Defend Trade Secrets Act ("DTSA") claims against Defendants; (3) tortious interference with contract claim against API; and (4) business disparagement claim against Dillon.

This Court also finds that Acuren has presented sufficient evidence entitling it to the Agreed PI by showing that it took reasonable and necessary steps to protect its trade secrets and confidential information, that such information is protectable confidential information under the Confidentiality and Non-Solicitation Agreements between Acuren and the Individual Defendants ("Agreements") and/or trade secrets under the DTSA, and that Defendants misappropriated such information and are using it to benefit themselves by, among other actions, capitalizing on Acuren's long-term client relationships, employee relationships, client-tailored rates, bidding strategies, pricing models, inspection processes and procedures, and goodwill.

This Court further finds that Acuren has demonstrated a substantial threat of irreparable injury absent the Agreed PI if (1) the Individual Defendants are permitted to continue to breach their Agreements; (2) Defendants are permitted to continue to use Acuren's trade secrets and confidential information for the benefit of Defendants; (3) API is permitted to continue to tortiously interfere with the Agreements; and (4) Dillon is permitted to continue to defame Acuren and its business.

This Court further finds that harm to Acuren is imminent, and if this Court does not issue the Agreed PI, Acuren will be irreparably injured. The wrongful use and disclosure of Acuren's trade secrets and confidential information, the violation of the Individual Defendants' non-disclosure and non-solicitation obligations, and Dillon's defamation of Acuren will damage Acuren's business relationships, employee relationships, reputation, goodwill, and contracts, and result in irreparable harm to Acuren. Further, this Court finds that Acuren has no adequate remedy at law because the wrongful use and dissemination of its trade secrets and confidential information, the violations of the Individual Defendants' Agreements, the tortious interference with the Agreements by API, and Dillon's business disparagement, have caused harm to Acuren's business relationships, employee relationships, and reputation, and resulted in a loss of goodwill that cannot be adequately remedied by an award of damages.

Additionally, greater injury will be inflicted upon Acuren by the denial of the Agreed PI than would be inflicted upon Defendants by the granting of the Agreed PI. By granting the Agreed PI, Defendants will simply be required to abide by their legal obligations not to (i) breach the Agreements with Acuren (as to the Individual Defendants), (ii) tortiously interfere with the Agreements (as to API), (iii) defame Acuren or its business (as to the Individual Defendants), or (iv) use, disclose, or rely upon Acuren's trade secrets or confidential information (as to Defendants).

This Court further finds that the issuance of the Agreed PI will not disserve the public interest. This Court has carefully balanced the equities and other factors and finds that the limited, narrowly tailored Agreed PI is well-taken based on the significant potential of irreparable harm to Acuren without the issuance of the Agreed PI and the lack of harm to Defendants by issuing the Agreed PI. In fact, issuing the Agreed PI to ensure that competition is untainted by unfair

advantage and by complying with contractual obligations serves the public interest. The Agreed PI, therefore, is necessary to preserve Acuren's rights pending a trial on the merits.

The Court further finds that no security or bond should be required for entry of this Agreed PI because there is no evidence that Defendants would sustain any damages if it is found that they were wrongfully restrained by this Order.

**THEREFORE, IT IS ORDERED BY THE COURT THAT:**

1. The Individual Defendants, for the remainder of the one (1)-year period after termination of their employment with Acuren (i.e., through May 1, 2025), are enjoined from, directly or indirectly, soliciting, encouraging, or attempting to induce any employee of Acuren with whom an Individual Defendant dealt or about whom an Individual Defendant had access to confidential information to terminate their employment with Acuren. In the event any Individual Defendant receives a communication from any Acuren employee, on or before May 1, 2025, about either (i) potential employment or work opportunities with API, or (ii) the employee's continued employment with Acuren, the receiving Individual Defendant shall state: "due to ongoing litigation, I am not permitted to discuss with you potential employment opportunities with API, nor am I permitted to discuss with you your employment with Acuren or whether to terminate such employment" or substantially similar language (the "Permitted Employee Response"). After stating the Permitted Employee Response, the receiving Individual Defendant may, at their own risk, refer the Acuren employee to a designated person at API to further communicate with the Acuren employee about potential employment opportunities with API ("Employee Referral Communication"). Neither the Permitted Employee Response or Employee Referral Communication by the Individual Defendants, nor any subsequent communication between the Acuren employee and the designated person(s) at API, whether initiated or received by the

designated person(s) at API, shall constitute a violation of the Agreed PI.[2] Notwithstanding the preceding, the designated person(s) at API cannot be any of the other Individual Defendants. This paragraph shall be null and void if the Court determines, by a final, appealable order, that the Agreements are invalid or unenforceable against an Individual Defendant but only as to such Individual Defendant that the Court makes such determination.

   2. The Individual Defendants, for the remainder of the one (1)-year period after termination of their employment with Acuren (i.e., through May 1, 2025), are enjoined from directly or indirectly selling, attempting to sell, or assisting in the selling of any non-destructive testing or non-destructive examination services to the following customers, including any subsidiaries or affiliated entities for whom Acuren may provide services that are either (i) known to the Individual Defendants to be subsidiaries or affiliates or (ii) with whom the Individual Defendants dealt or about whom the Individual Defendants had access to Business Information[3] during the last twelve (12) months of the Individual Defendants' employment with Acuren, Dragon Products, Ltd., Duphil, Inc., Titan Industries, Inc., FlexSteel Pipeline Technologies, Inc., W-Industries, Inc., BASF Corporation, INEOS Styrolution America, LLC, Samsung Austin Semiconductor, LLC, Shell Oil Company, PMI Services North American, Inc., Deer Park Refining

---

[2] Acuren maintains that the Individual Defendants are not permitted to refer Acuren employees, seeking employment or work opportunities with API, to other API employees because it constitutes an indirect solicitation in violation of their Agreements. This provision does not restrict an Individual Defendant's ability to refer such inquiries to a designated API employee and such referral will not be construed as a violation of this Agreed PI; however, Defendants agree and understand that, to the extent an Individual Defendant refers such inquiries to a designated API employee, they do so at their own risk. This Agreed PI shall not be construed as evidence that the Individual Defendants have the legal right to refer such inquiries to a designated API employee or that such referral is not a violation of the Agreements. Nor will Defendants use this Agreed PI as evidence that they were legally authorized to refer Acuren employees to a designated API employee. Defendants agree and understand that Acuren reserves the right to use such referrals to evidence its claims against Defendants.

[3] The term "Business Information" shall have the same meaning as the defined term "Business Information" in the Agreements.

Limited Partnerships, and Equilon Enterprises dba Shell Oil Products – US (collectively, the "Restricted Customers"). In the event any Individual Defendant receives a communication from any Restricted Customer, on or before May 1, 2025, about the potential sale by API (or an affiliate of API) of non-destructive testing or non-destructive examination services to the Restricted Customer, the receiving Individual Defendant shall state: "due to ongoing litigation, I am not permitted to discuss with you the potential sale by API (or any affiliate of API) of non-destructive testing or non-destructive examination services" or substantially similar language (the "Permitted Customer Response"). After stating the Permitted Customer Response, the receiving Individual Defendant may, at their own risk, refer the Restricted Customer to a designated person at API to further communicate with the Restricted Customer about the sale of non-destructive testing or non-destructive examination services to the Restricted Customer ("Restricted Customer Referral Communication"). Neither the Permitted Customer Response or Restricted Customer Referral Communication by the Individual Defendants, nor any subsequent communication between the Restricted Customer and the designated person(s) at API, whether initiated or received by the designated person(s) at API, shall constitute a violation of the Agreed PI.[4] Notwithstanding the preceding, the designated person(s) at API cannot be any of the other Individual Defendants. This paragraph shall be null and void if the Court determines, by a final, appealable order, that the

---

[4] Acuren maintains that the Individual Defendants are not permitted to refer Restricted Customers, inquiring about the potential sale by API (or an affiliate of API) of non-destructive testing or non-destructive examination services, to other API employees because it constitutes an indirect solicitation in violation of their Agreements. This provision does not restrict an Individual Defendant's ability to refer such inquiries to a designated API employee and such referral will not be construed as a violation of this Agreed PI; however, Defendants agree and understand that, to the extent an Individual Defendant refers such inquiries to a designated API employee, they do so at their own risk. This Agreed PI shall not be construed as evidence that the Individual Defendants have the legal right to refer such inquiries to a designated API employee or that such referral is not a violation of the Agreements. Nor will Defendants use this Agreed PI as evidence that they were legally authorized to refer Restricted Customers to a designated API employee. Defendants agree and understand that Acuren reserves the right to use such referrals to evidence its claims against Defendants.

Agreements are invalid or unenforceable against an Individual Defendant but only as to such Individual Defendant that the Court makes such determination.

3. The Individual Defendants are enjoined from making or publishing any defamatory statements about Acuren or any of Acuren's officers, directors, employees, products, services, processes, policies, manuals, practices, or standards of business conduct.

4. Until May 1, 2025, API is enjoined from authorizing or directing the Individual Defendants to solicit, encourage, or attempt to induce any employee of Acuren with whom the Individual Defendants dealt or about whom they had access to confidential information to terminate their employment with Acuren. This paragraph shall be null and void if the Court determines, by a final, appealable order, that the Agreements are invalid or unenforceable against an Individual Defendant but only as to such Individual Defendant that the Court makes such determination.

5. Until May 1, 2025, API is enjoined from authorizing or directing the Individual Defendants to sell, attempt to sell, or assist in the selling of any non-destructive testing or non-destructive examination services to any of the Restricted Customers. Nothing herein shall limit API's ability to sell services including, without limitation, non-destructive testing or non-destructive examination services to any of the Restricted Customers, provided none of the Individual Defendants are involved directly or indirectly aside from a Permitted Customer Response or Restricted Customer Referral Communication. This paragraph shall be null and void if the Court determines, by final, appealable order, that the Agreements are invalid or unenforceable against an Individual Defendant but only as to such Individual Defendant that the Court makes such determination.

6. Defendants are enjoined from using or disclosing to others, including API's personnel, Acuren's (1) customer information (customer lists, job history, job schedules, pricing, rates, bids, quotes, opportunities, MSA terms and expiration dates, contracts, preferences, purchasing history, sales volume, frequencies/schedules, and reports); (2) employee information (employee lists containing contact information, compilations of job duties and responsibilities tailored to customer needs, and other private or confidential information belonging to Acuren and/or the employee); (3) financial and operational information (operational strengths and weakness, profit and loss information, revenue information, budgets and forecasts, business plans, growth and marketing strategies, strategies for managing KPIs, marketing plans, and pricing strategies); (4) inspection manuals, methods, testing procedures, reports, and quality and safety programs; and (5) contractor and vendor information (preferred vendor sources for products, vendor purchasing histories, compilations of vendor pricing, rates, and services with relationship discounts, vendor lists containing contact information for key decision-makers, vendor preferences, contractor lists containing contact information, preferred contractors for certain geographic regions or customers, contractor pricing, rates, discounts, and mark-ups, and specialized services performed by contractors) (collectively items (1)-(5) are referred to as "Confidential Information"); provided, that, this restriction shall not apply to information that is, or becomes, generally available to the public unless such availability occurs as a result of Defendants' actions or a third-party's breach of a non-disclosure obligation that Defendants are or reasonably should be aware of. Nothing in this provision shall prohibit the Individual Defendants from communicating with Acuren employees or contractors for the purpose of assisting them with the performance of their work for Acuren.

7.     As soon as practicable after entry of this Agreed PI, Defendants shall provide to Acuren a full forensically verified physical image of the following: (1) all external storage devices connected to any Acuren-issued computers used or returned by any Individual Defendant; or (2) any API-issued computers to the Individual Defendants. The parties will cooperate in good faith to create protocols for (1) the redaction of any attorney-client privileged communications and work product from the images and (2) the protection from disclosure of Acuren's or API's confidential information contained in the images.

8.     As soon as practicable after entry of this Agreed PI, Defendants shall return to Acuren any Confidential Information or other property of Acuren, in documentary, electronic, or other format, including information stored on any computer or other electronic or digital storage device, any email account, or any cloud-based storage account, in their possession, custody, or control; *provided, however,* Defendants shall not otherwise spoliate any evidence (including, without limitation, the metadata of any electronically stored information) in complying with such return obligations.  The parties will cooperate in good faith to create a protocol for the return of any Confidential Information or other Acuren property.

9.     Defendants are enjoined from destroying, deleting, erasing, disposing of, modifying, or otherwise failing to preserve intact any documents, records, or files (written or electronically stored) or any other evidence regarding or related to Acuren's claims and allegations relating to this action and the issues raised herein, including, without limitation, any evidence stored on any personal or API computer, phone, electronic device, cloud-based storage account, mobile device, or email account(s).

The enjoined conduct in Paragraphs 4, 5, 6, 8, and 9 set forth above applies to Defendants, their agents, employees, and any other person that acts in active concert or participation with them.

IT IS FURTHER ORDERED that the Agreed PI shall remain in effect until entry of a Final Judgment in, or other final disposition of, this action, unless otherwise ordered by the Court.

IT IS SO ORDERED this 5th day of June, 2024.

/s/ Jeffrey Alker Meyer
Jeffrey Alker Meyer
United States District Judge